**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:56 PM April 26, 2013**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JAMES ANGELO LUCIDO, | ) | CASE NO. 12-61487 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    On March 14, 2013, Federal National Mortgage Association ("FNMA"), successor in interest to Bank of America, by and through its attorney, Faye D. English, filed a Petition for Unclaimed Funds pursuant to Local Bankruptcy Rule 3011. The court issued a deficiency on the petition and FNMA requested a hearing. The court held the hearing on April 24, 2013. Ms. English appeared on behalf of FNMA.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### BACKGROUND

    Debtor filed a chapter 13 case on May 25, 2012 which was dismissed on December 3,

2012.  Following the dismissal, the trustee transmitted $2,057.89 in unclaimed funds from an uncashed check issued to Bank of America.  On March 14, 2013, FNMA sought release of the unclaimed funds, claiming it is the successor in interest to Bank of America via mortgage assignments.

FNMA used the required forms in its request for the unclaimed funds.  In those documents, Ms. English is identified as the petitioner and FNMA is identified as the claimant. The petition included a sworn statement by Esther M. Parrish, a bankruptcy account specialist, concerning information contained in the petition.  Exhibit A was completed by checking the box in the third bulleted paragraph, which states:

> If Claimant is a Successor Claimant holding a transferred (assigned) Claim, check this box ☐ and attach proof of identity of the owner of record, and proof of identity of the Successor Claimant, to Exhibit A.
>
> \*        \*        \*
>
> \* Proof of identity includes a copy of either the current driver's license, government ID card, passport, or state-issued ID card of the appropriate person.

FNMA did not produce any proof of identity as required by Exhibit A and the clerk's office issued a deficiency notice.  FNMA contends that since it is not a natural person, and has attached sufficient information to verify its entitlement to the claim, no further proof of identity is necessary.

## DISCUSSION

Rule 3011 compliments § 347(a) of the bankruptcy code, the provision designating the payment of unclaimed funds to the court.  Chapter 129 of Title 28 of the United States Code governs recovery of unclaimed funds paid to a court.  Under § 2042, withdrawal is permitted only by order of the court.  The Code states that "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and *full proof of the right thereto*, obtain an order directing payment to him."  28 U.S.C. § 2042 (emphasis added).

It is the court's duty to assure that unclaimed funds are returned to their rightful owner.  In re Pena, 456 B.R. 451 (Bankr. E.D. Cal. 2011); In re Scott, 346 B.R. 557 (Bankr. N.D. Ga. 2006). The petitioner and/or claimant bears the burden of proof.  Pena, 456 B.R. at 453 (citing In re Acker, 275 B.R. 143, 144 (Bankr. D.D.C. 2002)(citation omitted)).

The court's procedures were developed and adopted to carry out its duties in returning unclaimed funds to the proper party.  Additionally, the procedures, and related forms, seek to restrain fraudulent requests to recover unclaimed funds.  The current rule and forms can be traced back to General Order 90-1 and are the result of decades of experience with unclaimed fund requests.  The court has consistently enforced the policy of requiring proof of identity in similar situations.  *See, e.g.,* In re Moss, Case No. 05-66393 (Bankr. N.D. Ohio 2005) (ECF. Doc. 74).

A corporation must act through its agents or representatives.  Here, Ms. English represents FNMA and Ms. Parrish attested and verified necessary information in the petition.  For FNMA to now suggest that it is limited by the fact it is not a natural person disregards the roles of both of these individuals, as well as the language requiring proof of identity "of the appropriate person."  The court has the right to request verification of the identity of a natural person acting on behalf of a business entity, especially in the day and age of electronic filing.

This does not require proof of the identity of the attorney.  The point of the requirement is to force an individual claiming to have the knowledge which forms the grounds for the release of the money to prove his or her identity in a tangible way.  That is the representative of the Claimant that asserts the right to payment.  It is not much to force a person who vouches for a demand for thousands of dollars to prove who they are.  This is especially true given that the requirement grew out of a history of fraud.

It should be noted that Exhibit A containing the proof of identity should be filed as a private event on the Electronic Case Filing system so that it will only be visible to internal court users.

Consequently, the court does not find FNMA's arguments to be well-taken and upholds the deficiency notice issued by the Clerk's office.  An order will be issued in conjunction with this opinion.

#     #     #

**Service List:**

Faye D. English
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, OH   44139